cle . . . on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Va. Code S 46.2-357(A). This language shows that the legislature contemplated and provided for the continued regulation of individuals who

3

had received habitual offender status before implementation of the
Act.

Perhaps most significant for purposes of this appeal is the fact that
the penalty provision for an adjudicated habitual offender's second
offense (driving on a suspended or revoked license, see Va. Code
S 46.2-357(B)(2)) has not been altered in the least. It states that such
an offender shall be "guilty of a felony punishable by confinement in
a state correctional facility for not less than one year nor more than
five years." Va. Code S 46.2-357(B)(2)&(3). Dawson was sentenced
within those parameters; his presentencing report set the statutory
minimum and maximum sentences as one and five years respectively.

Based on the foregoing, we find that the Virginia General Assembly evinced its intent to enact a new, stiffer law dealing with those
who commit serious traffic violations, and that it drafted the legislation in such a way as to provide saving provisions for the penalties
to be imposed on those it previously chose to designate habitual
offenders for having accumulated such violations. Because the legislature continues to recognize a class of persons who have already
been designated habitual offenders, Dawson's contention that his conviction has been deprived of its "statutory underpinnings" is without
merit.

We likewise find Dawson's equal protection argument to be
unavailing. Dawson argues that the Act creates a class of habitual
offenders who are treated differently under the traffic laws than are
those who now commit the same types of infractions. While this is
undoubtedly correct, we find the Act's classification scheme to be
rationally related to a legislative goal. See FCC v. Beach Communica-

tions, Inc., 508 U.S. 307, 313-14 (1993) (stating that statutory classifi-
cations that neither affect members of a suspect class nor infringe
upon fundamental constitutional rights are subject to a rational basis
standard of review). There can be no doubt that retaining the classifi-
cation of habitual offender that existed prior to July 1, 1999 is ratio-
nally related to the Virginia General Assembly's goal of regulating
traffic safety. Furthermore, the legislature could hardly be expected
to reclassify past offenders under the new scheme, as ex post facto
problems would then arise.

AFFIRMED

4A99477✿û4.u994774  U
äE^▒(││(⌐]▒(Θ╒◘A99700✿?6.u997006  U    iF^▒(│(6]▒(♩z♫001096  U
òûQ│(│(αA│(ó≥♠006009  U    ÅùQ│(││(¬@│(ÿ☺¶♂006210  U
zÿQ│(│(.A│(ª²!006370  U    ÅÖQ│(││(1A│(.☺e!982666  U
óÜQ│(│(Ñ@│(ó☺8f992060  U    =£Q│(││(▒@│(╓☺♂◘992281  U
>¥Q│(│(▄@│(█☺L◘992346  U    )áQ│(││("A│(α☺◘997536  U
§íQ│(│('A│(Σ☺:!WPC#♦☺
●☺●♣¼¶◙╨▲öcè6á÷▄[¶uµ╜✿├_6÷=▒═╥╥∞É'╥1.[←hHµ6"²▼╕M/←a◿╓ñΩ}Å.c£Å
>Öä¼P╤ç[V╜=7<GªE²8◄e☺f╥/a▒╟O✿ëQ8ê¡Y∙╜Φjù°B╒↓╜fαP.│Q╥b╤♦ΓôΓ↕á╨¥╥qw
lñ¡╓►à6▒V≥↑╠}♠O8í≥╨¥°╜├♠$δV┤óo♥

♥◙n☺X☺◣♥♂0☻rt♦◙↔☺μ♦◙w☺♦μ♦◙4☺¶Ω♦<#§6▸X! ☺9`(§▸"Courier
12cpi☺☺⌠☺)⊥↓⌡▸ª◙◂     `↑◂▸(CG
TimesScalable◙#│d☺☻☺½<#§6▸X! ☺9`(§▸"Courier
12cpi⌠☺⊤☺d#§6▸X! ♦◂@╓â8╟☺; ⌠☺@)⊥↓⌡▸ª◙◂     `↑◂▸(CG
TimesScalable⊤☺⊤☺Y⊥↓⌡▸ª◙▸
P∞ëè7↕√☺⊤☺P☺♦(J☺↕i╔$íí╚←▾ç☺☺◙⊤☺_?☺⊤☺⌠☺☺⌠☺▾╚╚▾ç☺♥◙⊤☺NK☻⊤☺☺⊤☺☺⊤☺_
?▾╚�111♣

☺☺

☺☺

UNPUBLISHED

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

≤UNITEDÇSTATESÇOFÇAMERICA,⊥⊥♦§♂　　☺Φ◘8♦♠☺

§⊥⊥≥♬≥Plaintiff-Appellee,⊥⊥♦§♂　☺£　∞♦!☺　§⊥⊥╟≤♬≤v.α◄

◼!

αα◄

αα ◄

⊣ ♂

αα◄

►♫

αα◄

h ▸

αα◀

L↕

αα ◄

$\alpha\alpha$◄

p↕

No. 99-7006

WILLIAM C. BLOHM, Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (CA-86-1184)

Submitted: April 28, 2000

Decided: May 19, 2000

Before WILLIAMS and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

≥COUNSEL⧫§♂    ☺0←Ç▬ ☺ §⊥╟≤

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Michael D. Bredenberg, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

≥OPINION╠╟╠≤

PER CURIAM: William J. Blohm appeals from the district court's order decl

act on them). Moreover, both Blohm's treating physicians at FCI-Butner